K. Spencer Greene, Arizona SB# 019485
Law Office of Mark W. Straface
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
(310) 246-1151

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

RACHEL BENSON,

    Plaintiffs,

    v.

ENERGY SOLUTIONS, INC. LAW
OFFICE OF JAMES R. VAUGHN P.C.
AND DOES 1-10,

    Defendants.

Case No.:

**VERIFIED COMPLAINT FOR
DECLARATORY RELIEF,
INJUNCTIVE AND EQUITABLE
RELIEF AND DAMAGES FOR
VIOLATIONS OF THE FAIR DEBT
COLLECTION PRACTICES ACT
(FDCPA), CONVERSION,
INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS,
DEMAND JURY TRIAL**

### JURISDICTION

1.  This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§§1692 et seq. The jurisdiction of this court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.  Declaratory relief is available pursuant to 28 U.S.C. § 2201.

2.  Plaintiff's Federal and State law claims against the Defendants derive from a common nucleus of operative facts and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's state law claims against the Defendants.

3.  Venue for the within action is properly within the jurisdiction of this Court upon the

1   ground, inter alia, that one or more of the Defendants had its principal place of business within

2   this Federal District of Arizona.

3                                           **PARTIES**

4        4.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), and at all times

5   herein mentioned an individual who maintains a principle place of residence within Judicial

6   District of this Court.

7        5.  Defendant ENERGY SOLUTIONS, INC. (Energy) is "debt collector" within the

8   meaning of 15 U.S.C. § 1692a(6), and at all relevant times stated herein, was a corporation, and

9   based on information and belief, organized under the laws of the State of Arizona and qualified

10  to do business in Arizona.

11       6.  Defendant LAW OFFICE OF JAMES R. VAUGHN, P.C. (Vaughn) is "debt

12  collector" within the meaning of 15 U.S.C. § 1692a(6), and at all times stated herein, was a

13  professional corporation, organized under the laws of the State of Arizona and qualified to do

14  business and is doing business within the state of Arizona as a third party debt-collection law

15  firm.

16       7.  Plaintiff seeks damages for Defendants' unlawful practices in violation of the Fair

17  Debt Collection Practices Act (FDCPA). Plaintiff is informed and believes and thereon alleges

18  that Defendants Energy and Vaughn use the United States mail in the collection of debts

19  allegedly owed to another and attempt to collect debts and are debt collectors as defined by the

20  Fair Debt Collection Practices Act (FDCPA).

21

22                                  **GENERAL ALLEGATIONS**

23       8.  Plaintiff is informed and believes and therefore alleges that on or about July 31, 1997,

24  Plaintiff became indebted to BestBuy in the amount of $739.47.

25       9.  On or about July 25, 2001, Defendant Energy, holding itself out to be an assignee of

26  **Household Bank (HSBC)**, the purported creditor, filed a claim against Plaintiff in the

27  **Scottsdale Justice Court** in and for the County of Maricopa, case number 0711 CV0105236.

28  Defendants alleged that Plaintiff's debt was assigned to Defendant Energy notwithstanding the

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA**

fact Defendants did not have, did not file with the court and did not produce upon demand a valid assignment from the original creditor or a credit agreement between Plaintiff and the original creditor. Plaintiff does not know the relationship, if any, between BestBuy and HSBC as alleged by Defendants. Plaintiff does not recall ever being served with a summons and complaint or any other notice from either Defendant. The court record also reflects omissions of all reference to any assignment of this debt.

10.  Absent an assignment, Defendant Energy lacked privity of contract with Plaintiff, Defendant Energy was not the real party in interest in the state court proceeding and as such lacked standing to file a claim against Plaintiff. Nor did Defendant Energy have equity in the original Application or Agreement due to insurance settlements or charge-offs. That collection of any alleged debt after having been written off or charged off would be a case of unjust enrichment, and/or fraud on the consumer and/or fraud on the court.

11. On or about November 17, 2001, Defendants in the **Scottsdale Justice Court** obtained a default judgment against Plaintiff in the amount of $1,943.99, an amount $1204.52 greater than the alleged initial debt. This amount represents principal debt in the amount of $739.47, prejudgment interest in the amount of $564.52, costs in the amount of $90, and attorney fees in the amount of $550 with interest accruing on principal, costs and attorney fees at the rate of 18 percent per annum.

12. Insofar as Defendants failed to provide a valid assignment and a credit agreement from the original creditor, Defendants falsely represented to the court that the credit agreement with Plaintiff called for an eighteen percent (18%) interest rate contrary to the Arizona statutory rate of ten percent (10%), A.R.S. 44-1201. Defendants thereafter took no action on the judgment for over 11 years renewing the judgment twice without any collection efforts.

13. On or about October 12, 2006, the **McDowell Mountain Justice Court** renewed Defendants' judgment in the amount of $3,326.08. On or about August 4, 2011, the **McDowell Mountain Justice Court** renewed the judgment for the second time in the amount of $4,729.15, an amount $3989.68 greater than the alleged initial debt. The Notice of Renewal was prepared by Defendants and given only to Defendants. Said notice was defective in that it designated

---

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA**

Defendant Energy's entity form as an LLC when in fact Defendant Energy was a corporation. Not only did Plaintiff not get notice, Defendant Energy Solutions LLC, without proper documentation identifying itself as the judgment holder, did not properly renew its purported judgment (a true and correct copy of this Notice is attached hereto as Exhibit "A" and incorporated herein by reference).

14. On or about October 15, 2012, the Arizona Corporations Commission dissolved Defendant Energy; When Defendant Energy no longer existed Defendant Vaughn no longer had a judgment creditor to represent.

15. On or about October 29, 2012, in response to a Writ of Garnishment received from Defendants, Bank of America filed an answer indicating it was holding funds for the benefit of Defendants in partial satisfaction of judgment. Plaintiff does not recall ever being served with a summons and complaint or any other notice from either Defendant. The court record similarly reflects these omissions.

16. On or about November 9, 2012, notwithstanding the fact that a.  Defendant Energy had been dissolved; and b.  Defendant Vaughn did not file an assignment of rights from Defendant Energy to Defendant Vaughn, Defendant Vaughn sought and received a judgment against garnishee without legal authority. Defendant Vaughn was able to garnish $1,696.48, less bank fees of $150 for a total garnishment of $1546.48.

17. Plaintiff subsequently learned of the garnishment from Bank of America and through her counsel on November 21, 2012, made written request upon Defendant Vaughn to produce the assignment from the original creditor (a true and correct copy of this request is attached hereto as Exhibit "B" and incorporated herein by reference).  Not only did Defendant Vaughn refuse to provide a copy of the assignment from the original creditor or a successor in interest to the original creditor, it refused to identify the original creditor, in violation of Arizona Rules governing debt collectors, Arizona Administrative Code, R20-4-1501, et.seq. With no response from Defendant, Plaintiff was forced to review the court file independently and discovered a cardholder agreement (CA) from **Beneficial National Bank (BNB)** found not with the complaint but behind an affidavit for Default Judgment. The CA issued by BNB not Household

4

Bank, has the characteristics of an adhesion contract. The CA was not dated, did not identify Plaintiff or provide any relevant information establishing privity of contract with Plaintiff.

18.  Subsequently, after raiding Plaintiff's bank accounts, Defendant Vaughn, on November 15, 2012 and again on February 5, 2013, subpoenaed Plaintiff's bank records and as of the date of the instant action Defendant Vaughn continues to seek options to satisfy the alleged outstanding judgment; a judgment continuing to accrue interest at the rate of 18%.

19. Plaintiff is informed and believes and thereon alleges that upon inquiry to the Arizona Department of Financial Institutions (ADFI), Plaintiff was informed that Defendant Energy is not and has not been in the past, a licensed collection agency in the State of Arizona. Per Arizona Revised Statutes §32-1055 it unlawful for a person to conduct a collection agency without a license or aid and abet persons or organizations in evading or violating §32-1055.

20. Plaintiff is informed and believes and thereon alleges that there is no evidence of a. a bona fide assignment or any other document to substantiate conveyance of rights to Defendant Energy; and b. that Defendants were legally conducting business in Arizona and as such Defendants lacked the requisite standing to seek legal action.

## CLAIMS FOR RELIEF
## FIRST CAUSE OF ACTION
## DECLARATORY RELIEF TO SET ASIDE JUDGMENT FOR LACK OF STANDING
## AJCR §104(a)

21. Plaintiff re-alleges and incorporates by reference each of the preceding allegations as though fully set forth herein.

22.  A true and actual controversy exists between Plaintiff and Defendants as to whether Defendants were the real parties in interest with the right to bring legal action against Plaintiff. Arizona Justice Court Rule §104(a) provides that each plaintiff must be a real party in interest, that is, each plaintiff must be someone who claims to have been damaged or whose rights are in dispute.

23.  Plaintiff contends that Defendant Energy Solutions, absent a bona fide assignment,

5

1   was not the real party in interest, moreover, a search by the State of Arizona revealed that

2   Defendant Energy has never been authorized to conduct a collection agency and as such lacked

3   standing to bring a legal action against Plaintiff rendering the default judgment void ab initio.

4

5                              **SECOND CAUSE OF ACTION**

6        **INJUNCTIVE RELIEF FOR CRIMINAL VIOLATIONS--A.R.S. §32-1055**

7        24. Plaintiff re-alleges and incorporates by reference each of the preceding allegations as

8   though fully set forth herein.

9        25. Arizona Revised Statutes §32-1055(A) makes it unlawful for a person to conduct a

10  collection agency without having first applied for and obtained a license. A.R.S §32-1055 (D)(5),

11  makes it unlawful for a person conducting a collection agency to aid or abet, directly or

12  indirectly, persons or organizations in evading or violating §32-1055. A.R.S §12-1801

13  authorizes the court to issue an injunction under the principals of equity upon the filing of s

14  verified complaint (A.R.S.§12-1803).

15       26.  The ADFI does not have a record of Defendant Energy, ever being licensed as a

16  collection agency. Defendant Vaughn knew or should have known Defendant Energy was not

17  licensed in Arizona, yet both Defendants filed an action against Plaintiff, renewed the judgment

18  twice and thereafter garnished Plaintiff's bank accounts. These actions were unlawful. Under

19  A.R.S §12-1801, this Court is authorized to issue an injunction to stop Defendants from the

20  ongoing criminal violations.

21                              **THIRD CAUSE OF ACTION**

22                                **VIOLATIONS OF THE**

23       **FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC § 1692d**

24       27.  Plaintiff re-alleges and incorporates by reference each of the preceding allegations as

25  though fully set forth herein.

26       28. Defendants Energy and Vaughn are debt collectors, as defined by 15 U.S.C. §

27  1692a(6).

28       29. Section 15 USC § 1692d of the Act states that a debt collector may not engage in any

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA**

conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. Defendants Energy and Vaughn violated the FDCPA 15 USC § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff by:

A. initiating legal action against Plaintiff without standing;

B. failing to serve Plaintiff with a summons and complaint;

C. obtaining a state court judgment without standing;

D. failing to give Plaintiff notice of the default judgment;

E. failing to give Plaintiff notice of the judgment renewal in 2006;

F. failing to give Plaintiff notice of the second judgment renewal in 2011;

G. failing to give Plaintiff notice of the garnishment;

H. garnishing Plaintiff's bank without standing;

I. subpoenaing Plaintiff's bank records on November 15, 2012;

J. subpoenaing Plaintiff's bank records on February 5, 2013; and

K. filing the BNB cardholder agreement with the court, defendants falsely represented that the CA permitted the collection of 18% interest.

Insofar as Defendants failed to establish an interest in the debt Defendants knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse Plaintiff.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC 1692e

31. Plaintiff re-alleges and incorporates by reference each of the preceding allegations as though fully set forth herein.

32. The Defendants Energy and Vaughn are debt collectors, as defined by 15 U.S.C. § 1692a(6).

33. Section 15 USC § 1692e of the Act provides that a debt collector may not use any

7

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA**

false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(1) et seq., in that Defendants made and/or employed false, deceptive and misleading representations and/or used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer by:

A. initiating legal action against Plaintiff without standing;

B. failing to serve Plaintiff with a summons and complaint;

C. obtaining a state court judgment without standing;

D. failing to give Plaintiff notice of the default judgment;

E. failing to give Plaintiff notice of the judgment renewal in 2006;

F. failing to give Plaintiff notice of the second judgment renewal in 2011;

G. failing to give Plaintiff notice of the garnishment;

H. garnishing Plaintiff's bank accounts without standing;

I. subpoenaing Plaintiff's bank records on November 15, 2012;

J. subpoenaing Plaintiff's bank records on February 5, 2013; and

K. filing the BNB cardholder agreement with the court, defendants falsely represented that the CA permitted the collection of 18% interest.

35. Defendants knowingly and intentionally made false, deceptive and misleading representations. Said false, deceptive and misleading representations were and have been made and are being made to others.

36. To the best of Plaintiff's knowledge and belief, at the time of filing the lawsuit, Defendants did not have in their possession, and are unable to acquire or produce, the entire "Cardholder Agreement" (or other similar name) pursuant to which they claim Defendant Energy had been assigned. Defendants will only produce, and will only be able to produce, a generic CA from BNB that does not identify Plaintiff as a party to the agreement. The CA makes no specific reference to Plaintiff or any "account" allegedly owed by Plaintiff. This CA on its face is meaningless.

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA**

1

**FIFTH CAUSE OF ACTION**

2

**VIOLATIONS OF THE**

3

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 USC § 1692f**

4      37.  Plaintiff re-alleges and incorporates by reference each of the preceding allegations as

5   though fully set forth herein.

6      38.  The Defendants Energy and Vaughn are debt collectors, as defined by 15 U.S.C.

7   § 1692a(6).

8      39.  Section 15 USC § 1692f of the FDCPA states that a debt collector may not use

9   unfair or unconscionable means to collect or attempt to collect any debt.

10      40.  Defendants Energy and Vaughn violated the FDCPA 15 USC § 1692f by engaging

11   In conduct to collect or attempt to collect a debt that was unfair or unconscionable by:

12      A. initiating legal action against Plaintiff without standing;

13      B. failing to serve Plaintiff with a summons and complaint;

14      C. obtaining a state court judgment without standing;

15      D. failing to give Plaintiff notice of the default judgment;

16      E. failing to give Plaintiff notice of the judgment renewal in 2006;

17      F. failing to give Plaintiff notice of the second judgment renewal in 2011;

18      G. failing to give Plaintiff notice of the garnishment;

19      H. garnishing Plaintiff's bank accounts without standing;

20      I. subpoenaing Plaintiff's bank records on November 15, 2012;

21      J. subpoenaing Plaintiff's bank records on February 5, 2013; and

22      K. filing the Beneficial National Bank cardholder agreement with the court, defendants

23      falsely represented that the CA permitted the collection of 18% interest. Defendants

24      collected unauthorized charges, fees, expenses and eighteen percent interest (18%)

25      without an agreement.  The interest rate alone is well beyond the ten percent (10%) rate

26      set forth in A.R.S. 44-1201. Even if Plaintiff were to assume without deciding that the CA

27      governs post judgment interest, (as Defendants apparently are as the CA is the only

28      agreement in the court record, found without an exhibit reference behind the affidavit for

9

---

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA**

judgment) the default paragraph contained therein refers to post judgment interest at the statutory rate, not a contract rate. By this misrepresentation Defendants, in the most outrageous way possible used the legal process to artificially increase consumer debt for personal gain. Clearly, the purpose of post-judgment interest cannot be personal profit.

41. Defendants were aware, or should have been aware they could not have made a case against Plaintiff. Thus, for this reason Energy and Vaughn knowingly and intentionally filed the lawsuit under circumstances in which they knew or should have known that it would be unable to make out any claim against Plaintiff. The Defendants actions and each of them constitute violations of 15 U.S.C. §1692f.

**ACTUAL AND STATUTORY DAMAGES FOR VIOLATIONS OF THE FDCPA**

42. The FDCPA is a strict liability Act, where the degree of the Defendants' culpability is relevant only in computing damages, not in determining liability. Section 15 U.S.C. §1692k provides that a debt collector who fails to comply with any provision of the Act with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure.

43. As a result of the foregoing violations under the Second, Third and Fourth causes of action Defendants are liable for actual damages, including general damages and special damages in an amount to be proven at trial pursuant to 15 USC § 1692k (a)(1).

44. As a result of the foregoing violations, under the Second, Third and Fourth causes of action Defendants are liable for statutory damages not to exceed the amount of $1,000 per violation pursuant to 15 USC § 1692k (a)(2)(a).

45. As a result of the foregoing violations, Defendants are liable for costs and reasonable attorney's fees pursuant to 15 USC § 1692k (a)(3).

46. Plaintiff hereby prays for actual damages under the Fair Debt Collection Practices Act, and for statutory damages as set forth below for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorneys' fees and costs thereunder.

### SIXTH CAUSE OF ACTION
### CONVERSION

47. Plaintiff re-alleges and incorporates by reference each of the preceding allegations as though fully set forth herein.

48. At all times herein mentioned, Plaintiff was the sole owner of monies held in bank accounts at Bank of America and was entitled to immediate and exclusive possession of said monies.

49. On or about November 9, 2012, Defendant Vaughn on behalf of Defendant Energy, acting under apparent authority obtained a judgment for $1,696.48 garnished from Plaintiff's bank accounts. The exact amounts can be tracked from each account and thereafter deposited into Defendant Vaughn's attorney/client trust account.

50. Defendants converted the monies to their own use when Plaintiff's monies were deposited into Defendant Vaughn's attorney/client trust account.

51. As alleged heretofore, Defendants lacked standing to file an action against Plaintiff, lacked standing to obtain a default judgment and as such lacked standing to garnish Plaintiff's bank accounts.

52. Between the time of Defendants conversion and the filing of this action Plaintiff expended time and money in pursuit of the converted property, all to Plaintiff's damage according to proof at time of trail.

53. The aforementioned acts of Defendants were wilful, wanton, malicious, and oppressive, Defendants' acts were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

### SEVENTH CAUSE OF ACTION
### INJUNCTION FOR VIOLATIONS OF THE FDCPA

54. Plaintiff re-alleges and incorporates by reference each of the preceding allegations as though fully set forth herein.

55. Under 15 USC 1692l a violation of the FDCPA shall be deemed an unfair or

11

deceptive act or practice in violation of the Federal Trade Commission Act (FTCA). All of the functions and powers of the Commission under the FTCA are available to the Commission to enforce compliance by any person, irrespective of whether that person is engaged in commerce or meets any other jurisdictional tests in the FTCA, including the power to enforce the provisions of the FDCPA in the same manner as if the violation had been a violation of a FTCA trade regulation rule. FDCPA.

56. Under Section 13(b) of the FTCA, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction to ensure that Defendants will not continue to violate the FTCA and the FDCPA.

## EIGHTH CAUSE OF ACTION
## EQUITABLE RELIEF FOR VIOLATIONS OF THE FTCA AND THE FDCPA

57. Plaintiff re-alleges and incorporates by reference each of the preceding allegations as though fully set forth herein.

58. Under Sections 13(b) and 19 of the FTCA, 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FDCPA and the FTCA, including the ability to order the disgorgement of ill-gotten monies.

## NINTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff re-alleges and incorporates by reference each of the preceding allegations as though fully set forth herein.

60. The Defendants intended to file a collection lawsuit against Plaintiff with the knowledge they lacked standing and with the knowledge Defendant Energy was not a licensed debt collector in the State of Arizona.

61. Defendants' then misrepresented to the court that the interest rate was, by contract, 18% when even the contract on file with the court didn't allow for 18%. Defendants' then obtained a default judgment against Plaintiff and thereafter waited twelve years for the original debt amount of $739.47 to increase to $5080.89. Subsequently, without notice to Plaintiff,

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA**

Defendants garnished Plaintiff's bank accounts at a time when monthly bills would be due the following week. Defendants at no time had the legal authority to initiate a lawsuit, not to mention the seizure of Plaintiff's money.

62. Defendants' conduct, tantamount to an ambush, is so extreme it shocks the conscience and caused plaintiff severe emotional distress in that she felt intimidated, anxious, violated and left with insufficient funds to pay monthly bills. Plaintiff sought counseling from her church in the hope that her anxiety would dissipate and not cause additional health problems. The Defendants with unconscionable intent took advantage of a consumer reasonably unable to protect her interests when blindsided with the garnishment.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For a judicial declaration pursuant to 28 U.S.C. § 2201(a) that Defendant Energy and Defendant Vaughn are not now and at all times herein stated were not proper parties to the state court action rendering their judgment void ab initio;

2.     For an injunction against Defendants for further criminal violations of A.R.S. 32.1055;

3.     For an order awarding general and special damages for violating 15 USC § 1692k(a)(1) according to proof at time at trial;

4.     For an order awarding statutory damages against Defendant Energy pursuant to 15 U.S.C. 1692k(a)(2)(A) for violations of Sections 15 USC § 1692d (11 violations) 15 USC § 1692e (11 violations), and 15 USC § 1692f (11 violations) of the FDCPA, for total amount of $33,000;

5.     For an order awarding statutory damages against Defendant Vaughn pursuant to 15 U.S.C. 1692k(a)(2)(A) for violations of Sections 15 USC § 1692d (11 violations) 15 USC § 1692e (11 violations), and 15 USC § 1692f (11 violations) of the FDCPA, for total amount of $33,000;

6.     For general damages for Conversion according to proof at time at trial;

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA**

7.      For injunctive and equitable relief for future and current violations of the FDCPA;

8.      For general damages for Intentional Infliction of Emotional Distress according to proof at time at trial;

9.      For punitive damages against Defendants and each of them in the amount of $500,000.00

10.     For costs and reasonable attorney's fees pursuant to 15 USC § 1692k(a)(3);

11.     And for such other and further relief as the Court may deem just, equitable and proper;

12.     Plaintiff demands a jury trial.

Dated: October 28, 2013                              Respectfully submitted,

By: _K. Spencer Greene_

K. Spencer Greene

Attorney for Plaintiff

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA**

VERIFICATION

I, Rachel Benson am the plaintiff in the above-entitled proceeding.  I have read the above complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

      I declare under penalty of perjury under the laws of the State of Arizona that the above is true and correct.

Dated: October 28, 2013           By _Rachel Benson_____

                                    Rachel Benson, Plaintiff

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA**