1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

Rachel Benson,                        )    No. CV-13-2201-PHX-LOA
9                                      )
                      Plaintiff,       )    **ORDER**
10                                     )
vs.                                    )
11                                     )
Energy Solutions, Inc.; Law Office of  )
12  James R. Vaughn, P.C.,             )
                                       )
13                    Defendants.      )
    _____)

14

15          This action arises on Plaintiff's Motion to Strike Defendants' Motion to Dismiss the

16  Complaint, filed on April 21, 2014. (Doc. 37)  Pending for ruling is Defendants' Motion to

17  Dismiss the Complaint, filed pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the

18  Federal Rules of Civil Procedure. (Doc. 22)  In her Motion to Strike, Plaintiff contends that

19  Defendants' dismissal motion 1) exceeds the page limit prohibition set forth in the Rules of

20  Practice for the District Court of Arizona ("Local Rules" or "LRCiv"), *viz.*, LRCiv 7.2 (e);

21  2) fails to reference a memorandum of points and authorities as allegedly required by LRCiv

22  7.1(a)(3); 3) exceeds the scope of Rules 12(b)(1), 12(b)(5) and 12(b)(6), Fed.R.Civ.P.; and

23  4) contains sections that are redundant and discloses immaterial and inadmissible settlement

24  discussions. (*Id.*) Plaintiff's Motion is without merit and will be denied.

25  **I. Local Rule Violations**

26          Plaintiff writes that "[l]ocal rule 7.2 (e) mandates that motions, excluding a statement

27  of facts and attachments[,] are not to exceed seventeen (17) pages." (Doc. 37 at 2)

28  "Excluding the attachments, Defendants' motion violates the page limit prohibition and must

1  be struck in its entirety."[1] (*Id.*) Plaintiff also claims that "LRCiv 7.1(a)(3) requires mention
2  of a memorandum of points and authorities, which Defendants failed to include."[2] (*Id.*)

3          According to Defendants, "Plaintiff is wrong on all counts[.]" (Doc. 39 at 2)
4  Defendants' motion consists of seventeen pages of substantive text, including counsel's
5  electronic signature at the bottom of page seventeen, as required by Rule 11(a),
6  Fed.R.Civ.P., and LRCiv 5.5(a). "The only text on the final [eighteenth] page of Defendants'
7  Motion [i]s a certificate of service indicating that the motion had been filed with the Court
8  and mailed to Plaintiff." (*Id.* at 4) The certification information on the eighteenth page is
9  required by Rule 5(d)(1), Fed.R.Civ.P.; has nothing to do with the substantive merits of the
10  motion; and everything to do with who was e-mailed a copy of the motion.

11          Defendants also point out that their dismissal motion "[i]ncluded the Memorandum
12  of Points and Authorities - and mentioned it on the second page - but failed to mention it in
13  the caption of Defendants' Motion[,]" citing LRCiv. 7.1(a)(3)). (*Id.*) Even if this were a
14  technical violation by omission, Defendants correctly note that the "Local Rules, allow, but
15  do not require, this Court to strike Defendants' Motion because of this oversight." *See*
16  LRCiv. 7.1(d)(5). (*Id.*)

17          Upon the Court's review, Defendants' Motion to Dismiss the Complaint contains 17

18  _____

19          [1] LRCiv 7.2(e)(1) provides as follows:

20          **(e) Length of Motions, Memoranda and Objections.**
21          (1) Unless otherwise permitted by the Court, a motion including its supporting
            memorandum, and the response including its supporting memorandum, may
22          not exceed seventeen (17) pages, exclusive of attachments and any required
23          statement of facts.

24  (emphasis in original).

25          [2] LRCiv 7.2(a)(3) provides, in pertinent part, as follows:

26          [I]n the space to the right of the center there must be inserted . . . (B) a brief
27          description of the nature of the document, including demand for trial by jury
            if made in the document; and (C) mention of any notice of motion or affidavits
28          or memorandum in support.

pages of substantive text, arguments, and citations to numerous legal authorities. The eighteenth page contains nothing except the names and addresses of adverse counsel, the United States District Court, and the undersigned Magistrate Judge. Clearly, the eighteenth page, the page that Plaintiff claims puts Defendants' motion over the 17-page limit and allegedly violates the Local Rules, has nothing to do with advancing Defendants' motion, and is a technical, but important, requirement of the Federal Rules of Civil Procedure and due process of law. A certification page is much like an attachment and common sense dictates that it does not count towards LRCiv 7.2(e)'s 17-page limit. Additionally, in the middle of the second page of Defendants' motion in bold print is "**Memorandum of Points and Authorities**." (Doc. 22 at 2) Even if the Local Rules required the word "Memorandum" be inserted to the right of the caption to make plain what is already obvious in the motion, Defendants have included this bolded language in a prominent location in their motion. What is important is that every motion contain "points and authorities relied upon in support of the motion" to eliminate any guesswork as to the legal basis upon which the motion is based. *See* LRCiv 7.2(b), (c). Defendants' Motion to Dismiss Complaint substantially complies with the District Court's Local Rules. Plaintiff's hyper-technical arguments that Defendants' Motion to Dismiss the Complaint are a waste of the Court's time to consider and are summarily rejected.

**II. The Scope of Rules 12(b)(1), 12(b)(5) and 12(b)(6)**

According to Plaintiff, "[s]andwiched in between Sections II and VIII [of their motion], Defendants, attempting to argue the entire case, inexplicably took liberties arguing extraneous matters that are beyond the scope of its moving authority and as such, these extraneous matters are not properly before the court." (Doc. 37 at 2) Plaintiff does not specify what "extraneous matters" should be stricken. The Court will not guess at what Plaintiff wants stricken as extraneous, but assures Plaintiff that the Court will only consider those relevant facts, attachments, and arguments that may be lawfully considered on the pending dispositive motion, and will ignore that which is extraneous.

**III. Redundant, Immaterial and Inadmissible Evidence**

Plaintiff contends that Section IV of Defendants' motion repeats the contentions in Sections I and II. (Doc. 37 at 3)  Section IV is titled "**The State Law Claims are Not Properly Before this Court**" and Sections I and II are titled "**This Court Lacks Subject Matter Jurisdiction Over the Complaint**" and "**The Complaint Also Fails to State a Claim for Relief**," respectively. (Doc. 22 at 2, 4, and 9) (emphasis in original). Assuming there is overlap and redundancy in Defendants' motion, Plaintiff does not explain how she is prejudiced by it. If Plaintiff has fully responded to an issue repeated by Defendants in their motion, she needed to do so only once. This argument to strike the entire motion is summarily rejected.

Lastly, Plaintiff complains the Defendants included in their motion immaterial and inadmissible settlement discussions and "moves the Court to strike any mention of settlement, as this is clearly improper. . . [and to] strike Defendants' motion and order Defendants' and each of them to answer the complaint." (Doc. 37 at 3)  Plaintiff does not quote the offending discussions or even direct the Court where to find them.

In their response, Defendants claim that settlement discussions were included in the motion because they "are material to the emotional damages alleged by Plaintiff." (Doc. 39 at 7) Citing Rule 408(b), Fed.R.Evid., Defendants indicate they "summarized the settlement discussions - without disclosing their exact content - to show that they had no notice of Plaintiff's alleged emotional distress despite negotiating with her counsel for some time." (*Id.*)

The Court fails to see how any discussion on settlement between counsel is ever relevant in deciding a dispositive motion as a matter of law, especially where a district court does not weigh or make credibility findings in such motions. Nevertheless, the Court declines Plaintiff's invitation to spend the time to search through Defendants' 17-page motion to discern where the settlement remarks are located or strike the entire dispositive motion because Defendants included in the motion irrelevant and conclusory non-prejudicial statements regarding settlement. The Court will note, however, that to the extent there are

1  such statements in Defendants' motion, they will be disregarded by the Court and will have

2  no bearing on the Court's ultimate ruling.

3          In light of the escalating tenor of both counsels' comments about each other, all

4  counsel in this action are reminded that the privilege of practicing law in the District Court

5  of Arizona is conditioned upon full compliance with the Arizona Rules of Professional

6  Conduct and the Standards for Professional Conduct adopted and enforced by the District

7  Court. *See Roosevelt Irr. Dist. v. Salt River Project Agr. Imp. and Power Dist.*, 810

8  F.Supp.2d 929, 944 (D. Ariz. 2011) ("The United States District Court for the District of

9  Arizona has adopted the Arizona Rules of Professional Conduct as its ethical standards.")

10  (citing LRCiv 83.2(e)); *Brinks' Home Security, Inc. v. Caliber Holdings Co., LLC*, 2007 WL

11  778419, at *3 (D. Ariz. March 12, 2007) ("Counsel are also reminded of certification to

12  comply with the Standards of Professional Conduct with their admission to practice in this

13  District Court."). All counsel herein have certified that they will comply with, *inter alia*, the

14  Standards of Professional Conduct. The Standards of Professional Conduct are located on

15  the District Court's website, www.azd.uscourts.gov, and may be located by clicking on the

16  link "for Attorneys," and then clicking on the link "Attorney Admissions Information."

17          Based on the foregoing,

18          **IT IS ORDERED** that Plaintiff's Motion to Strike Defendants' Motion to Dismiss

19  the Complaint, doc. 37, is **DENIED**.

20          Dated this 19th day of June, 2014.

21

22

23                                              Lawrence O. Anderson
                                                United States Magistrate Judge

24

25

26

27

28